## SAMUEL G. SHAW *vs.* THE INHABITANTS OF BECKET.

A party, of whom a tax, illegally assessed, has been collected by distress, can recover of the town, in an action for money had and received, only the amount of the tax, with interest thereon from the time of the sale, and not the surplus value of the property sold, nor the costs of distress.

THIS was an action of assumpsit on the common money counts, to recover the price of a horse taken by the collector of the town of Becket, and sold by him as a distress, for payment of a tax illegally assessed upon the plaintiff, for the year 1848, during which year the plaintiff was not an inhabitant of said town. At the trial in the court of common

pleas, before *Byington,* J., it appeared in evidence, that after the proper preliminary steps had been taken, the collector seized and sold the plaintiff's horse, on his warrant, for the sum of $62; of which the sum of $18.14, being the amount of the tax assessed, was paid into the treasury, and the residue, after deducting the expenses of the sale and levy, which were $4.63, remained in the hands of the collector for the use of the plaintiff.

The plaintiff requested the judge to instruct the jury, that he was entitled to recover the whole amount for which the property distrained was sold, with interest thereon from the time of sale. But the judge refused so to instruct, and did instruct the jury, that the plaintiff was only entitled to recover the amount of the tax and interest thereon from the time of the sale, but not the surplus in the collector's hands, nor the expenses attending the distress. The jury thereupon returned a verdict for the plaintiff, in conformity with these instructions, and the plaintiff alleged exceptions.

*J. Rockwell,* for the plaintiff, cited *Cummings* v. *Noyes,* 10 Mass. 433; *Jones* v. *Hoar,* 5 Pick. 285; *Gilmore* v. *Wilbur,* 12 Pick. 120; *Watson* v. *Princeton,* 4 Met. 599, 602; *Randall* v. *Rich,* 11 Mass. 494; *Sumner* v. *First Parish in Dorchester,* 4 Pick. 361; *Torrey* v. *Millbury,* 21 Pick. 64; *Amesbury Manufacturing Co.* v. *Amesbury,* 17 Mass. 461; *Preston* v. *Boston,* 12 Pick. 7; *Boston & Sandwich Glass Co.* v. *Boston,* 4 Met. 181; *Dow* v. *First Parish in Sudbury,* 5 Met. 73.

*M. Wilcox,* for the defendants.

DEWEY, J. The plaintiff having, as is conceded, been illegally taxed by the assessors of Becket, and the tax having been collected, an action for money had and received will lie against the defendants to recover back the same. But the further inquiry, and indeed the only matter in controversy, in the case before us, is as to the measure of damages, in a case like the present, where the tax has been collected by a warrant of distress and a sale of the property of the plaintiff at public auction.

If the defendants were charged in trespass or trover for the wrongful conversion of the personal property of the plaintiff,

the damages would be properly given to an extent commensurate with the value of the property illegally taken. But if the party waives the tort, and sues in assumpsit for money had and received, the claim for damages is necessarily limited to the money actually received by the defendant, as avails of the property wrongfully taken. 2 Greenl. Ev. § 117, and cases there cited.

This is the general rule. Does it vary it, that from the peculiarity of the case no remedy in trover or trespass lies as against any body? not against the collector, because his warrant is sufficient authority for him ; nor against the assessors, because by statute they are exonerated from all liability, except for the want of integrity and fidelity on their part. It may be, that adequate security to individual rights may render expedient some further legislation to meet cases of this kind ; but however that may be, under the present form of action nothing can be recovered of the town beyond the amount of the tax that has been collected, and which alone has gone into the town treasury. This will exclude all payments for costs and charges, occasioned by the levy of the warrant of distress, paid to the collector.

Perhaps this rule will be found not to be so unreasonable in its operation, as may at first be imagined. The levy and sale can only take place after notice of the tax and demand of the payment of the same. The party has always the opportunity, before any expense is incurred, to avoid the same wholly, by payment of the tax. A payment, thus made to a collector clothed with authority to enforce by levy on the person or property, is not a voluntary payment that cannot be recovered back, but at once lays the foundation for an action against the town, a party always solvent and against whom an execution can be always easily satisfied. It is only, therefore, for a party denying the validity of a tax to pay the same, if demanded by the collector, and payment thereof insisted upon; and having done so, to institute his suit against the town to recover back the same. Having no power to prevent the levy of the warrant of distress, or arrest the proceedings for selling his property, there seems no very strong necessity for permit-

ting the additional expense to be incurred, where it may be thus avoided without waiving any rights. It is to be borne in mind, that no such demand can be made for a tax, or necessity exist for paying an illegal one, except where such tax has been assessed by sworn .officers of the law, and under all the forms of law.

Without however entering further into the consideration of the policy of the rule of law, as now held, it is sufficient to say, that under our decisions the right of the party to recover in assumpsit for money had and received for a tax illegally assessed, is limited to the amount of the tax, and interest from time of payment, when the tax is paid under protest, or from the time of sale, when there is a levy and sale of property. The question was directly before us in *Dow* v. *First Parish in Sudbury*, 5 Met. 73, where it was so held.

*Exceptions overruled.*